UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON COMMUNICATIONS GROUP, INC.; and NEXTEL COMMUNICATIONS, INC.,<br><br>    Defendants. | CIVIL ACTION No. 05-11061 EFH |

**NEXTEL'S ANSWER AND COUNTERCLAIM TO
FREEDOM'S COMPLAINT FOR PATENT INFRINGEMENT**

Nextel Communications, Inc. ("Nextel") hereby answers the Complaint for Patent Infringement ("Complaint") filed by Freedom Wireless, Inc. ("Freedom"), in accordance with the numbered paragraphs thereof, as follows:

    1.    Admitted.

    2.    Nextel admits that Boston Communications Group, Inc. ("Boston Communications") resides in the District of Massachusetts. Except as so admitted, Nextel denies each and every remaining allegation set forth in paragraph 2 of the Complaint.

    3.    Nextel avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 3 of the Complaint, and, on that basis, denies the same.

    4.    Nextel avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 4 of the Complaint, and, on that basis, denies the same.

5. Nextel admits that Nextel is a Delaware corporation with a principal place of business in Reston, Virginia. Except as so admitted, Nextel denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

6. Nextel repeats its answers to paragraphs 1 to 5 of the Complaint as though fully set forth herein.

7. Nextel admits that United States Patent No. 5,722,067 ("the '067 Patent") is entitled "Security Cellular Telecommunications System," and that a copy of the '067 Patent is attached to the Complaint as Exhibit 1. Nextel admits that the United States Patent and Trademark Office ("PTO") issued the '067 Patent on February 24, 1998. Except as so admitted, Nextel denies each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Denied.

9. Nextel admits that it is not expressly licensed by Freedom to practice the claims of the '067 Patent. Nextel avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 9 of the Complaint with respect to Boston Communications. Except as so admitted and averred, Nextel denies each and every remaining allegation set forth in paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Nextel repeats its answers to paragraphs 1 to 14 of the Complaint as though fully set forth herein.

16. Nextel admits that United States Patent No. 6,157,823 ("the '823 Patent") is entitled "Security Cellular Telecommunications System," and that a copy of the '823 Patent is attached to the Complaint as Exhibit 2. Nextel admits that the PTO issued the '823 Patent on December 5, 2000. Except as so admitted, Nextel denies each and every remaining allegation set forth in paragraph 16 of the Complaint.

17. Denied.

18. Nextel admits that it is not expressly licensed by Freedom to practice the claims of the '823 Patent. Nextel avers that it is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 18 of the Complaint with respect to Boston Communications. Except as so admitted and averred, Nextel denies each and every remaining allegation set forth in paragraph 18 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

### FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

25. The Complaint should be dismissed for insufficiency of process and insufficiency of service of process.

### THIRD AFFIRMATIVE DEFENSE

26. This Court lacks personal jurisdiction over Nextel.

### FOURTH AFFIRMATIVE DEFENSE

27.     Venue is not proper.

### FIFTH AFFIRMATIVE DEFENSE

28.     Nextel has not directly infringed any claim of the '067 Patent and the '823 Patent (collectively "Patents in Suit"), either literally or under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE

29.     Nextel has not indirectly infringed any claim of the Patents in Suit, either literally or under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

30.     Freedom is estopped from alleging that Nextel infringes the claims of the Patents in Suit under the doctrine of prosecution history estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

31.     One or more claims of the Patents in Suit are invalid under 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

### NINTH AFFIRMATIVE DEFENSE

32.     Freedom's claims are barred in whole or in part by res judicata and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

33.     Nextel alleges that the Patents in Suit are unenforceable due to inequitable conduct that occurred during the prosecution of the application that led to the issuance of the Patents in Suit.  In particular, named co-inventors Fougnies and Harned, and their agents and/or attorneys, including, without limitation, C. Robert von Hellens ("von Hellens"), withheld from the PTO material information with an intent to deceive the PTO.  Such information included,

without limitation, materials relating to Cominex, information relating to Cellular Services, Inc.'s proposal to the California Public Utilities Commission, information relating to Banana Cellular, Inc.'s prepaid cellular service; and an article entitled "Managing the Revenue Stream, Real-time billing technology an help carries harness future interactive network services" by David Klepp and published on November 29, 1993.  Fougnies, Harned, their agents and/or attorneys also made misleading statements to the PTO, including, without limitation, statements relating to U.S. Patent No. 5,440,621 ("Castro"), with an intent to deceive the PTO.

### ELEVENTH AFFIRMATIVE DEFENSE

34.   Freedom's claim for damages accruing prior to the filing of the Complaint is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

35.   Freedom's claim is barred by the doctrine of equitable estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

36.   Upon information and belief, Freedom and/or its licensees have failed to mark in accordance with 35 U.S.C. § 287.  Accordingly, because Freedom has failed to provide actual notice prior to the filing of the Complaint, Freedom is precluded from recovering damages prior to the filing of the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

37.   Freedom lacks standing to bring the claims asserted in its Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

38.   Freedom waived, in whole or part, the claims asserted in its Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

39.   Nextel is not a proper party to this action.

## COUNTERCLAIM

## COUNT I

## DECLARATORY RELIEF FOR THE '067 PATENT

40. This is a counterclaim arising under the federal patent laws, Title 35 of the United States Code, for a declaratory judgment of invalidity, unenforceability, and noninfringement of the '067 Patent.

41. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1338, 2201, and 2202.

42. An actual controversy exists between Nextel and Freedom.

43. The Court should declare the '067 Patent invalid, unenforceable, and not infringed by Nextel.

44. The averments set forth in paragraphs 28 to 33, 35, and 37 to 39 are hereby incorporated by reference as if set forth here in full.

## COUNT II

## DECLARATORY RELIEF FOR THE '823 PATENT

45. This is a counterclaim arising under the federal patent laws, Title 35 of the United States Code, for a declaratory judgment of invalidity, unenforceability, and noninfringement of the '823 Patent.

46. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1338, 2201, and 2202.

47. An actual controversy exists between Nextel and Freedom.

48. The Court should declare the '823 Patent invalid, unenforceable, and not infringed by Nextel.

49.     The averments set forth in paragraphs 28 to 33, 35, and 37 to 39 are hereby incorporated by reference as if set forth here in full.

WHEREFORE, Nextel demands the following relief:

A.      That the Court dismiss the Complaint with prejudice;

B.      The Court enter judgment that the '067 patent is invalid, unenforceable, and not infringed by Plaintiff;

C.      The Court enter judgment that the '823 patent is invalid, unenforceable, and not infringed by Plaintiff;

D.      The Court award Nextel its attorneys' fees as a result of this being an exceptional case pursuant to 35 U.S.C. § 285;

E.      The Court award Nextel its costs in connection with this action; and

F.      The Court enter an order for such other and further relief as this Court deems just and proper.

November 23, 2005

Respectfully submitted,
NEXTEL COMMUNICATIONS, INC.
By its attorneys,


/s/Dennis J. Kelly
Dennis J. Kelly (BBO # 266340)
dkelly@burnslev.com
Victoria L. Walton (BBO # 650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone: 617-345-3000
Facsimile: 617-345-3299

Richard McMillan, Jr. (pro hac vice application to be filed)
rmcmillan@crowell.com
Michael J. Songer (pro hac vice application to be filed)
msonger@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116