IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 23 P 12:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FREEDOM WIRELESS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-11061 EFH |
| BOSTON COMMUNICATIONS GROUP, INC. and NEXTEL COMMUNICATIONS, INC., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT
BOSTON COMMUNICATIONS GROUP, INC.**

Defendant Boston Communications Group, Inc. ("BCGI"), through undersigned counsel, answers the Complaint of Plaintiff Freedom Wireless, Inc. ("Plaintiff") as follows:

1. BCGI admits that Plaintiff purports to assert a claim arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and purports to assert jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). BCGI denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. BCGI admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). BCGI further admits that it resides in the District of Massachusetts. BCGI denies the remaining allegations set forth in paragraph 2 of the Complaint.

3. BCGI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. BCGI admits the allegations set forth in paragraph 4 of the Complaint.

5. BCGI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. BCGI incorporates by reference its responses to paragraphs 1-5 of the Complaint.

7. BCGI admits that U.S. Patent No. 5,722,067 (the "'067 patent"), entitled "Security Cellular Telecommunications System," was issued on February 24, 1998; that a copy of such patent is attached to the Complaint as Exhibit 1; and that it identifies Plaintiff as the assignee of such patent. BCGI denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. BCGI denies the allegations set forth in paragraph 8 of the Complaint.

9. BCGI admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale, or sell any telecommunications system or method allegedly claimed in the '067 patent. BCGI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. BCGI denies the allegations set forth in paragraph 10 of the Complaint.

11. BCGI denies the allegations set forth in paragraph 11 of the Complaint.

12. BCGI denies the allegations set forth in paragraph 12 of the Complaint.

13. BCGI denies the allegations set forth in paragraph 13 of the Complaint.

14. BCGI denies the allegations set forth in paragraph 14 of the Complaint.

15. BCGI incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16. BCGI admits that U.S. Patent No. 6,157,823 (the "'823 patent"), entitled "Security Cellular Telecommunications System," was issued on December 5, 2000; that a copy of such patent is attached to the Complaint as Exhibit 2; and that it identifies Plaintiff as the assignee of such patent. BCGI denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. BCGI denies the allegations set forth in paragraph 17 of the Complaint.

18. BCGI admits that it is not expressly licensed or otherwise authorized by Plaintiff to make, use, offer for sale, or sell any telecommunications system or method allegedly claimed in the '823 patent. BCGI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19. BCGI denies the allegations set forth in paragraph 19 of the Complaint.

20. BCGI denies the allegations set forth in paragraph 20 of the Complaint.

21. BCGI denies the allegations set forth in paragraph 21 of the Complaint.

22. BCGI denies the allegations set forth in paragraph 22 of the Complaint.

23. BCGI denies the allegations set forth in paragraph 23 of the Complaint.

BCGI denies all allegations of the Complaint that are not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

\* \* \*

BCGI sets forth the following affirmative and other defenses. BCGI does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.

## FIRST DEFENSE

The Complaint is barred, in whole or in part, because it fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

BCGI has not and does not directly, jointly, willfully, or otherwise infringe, aid or abet the infringement of, contribute to the infringement of, or actively induce others to infringe any claim of the '067 patent or the '823 patent.

## THIRD DEFENSE

Each of the claims of the '067 patent and '823 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, and/or 116 of Title 35 of the United States Code. The claims of the '823 patent are also invalid under the doctrine of double patenting.

## FOURTH DEFENSE

Plaintiff is estopped from asserting that BCGI infringes any claim of the '067 patent or the '823 patent under the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by res judicata and/or collateral estoppel.

## SIXTH DEFENSE

The '067 and '823 patents are unenforceable because the individuals associated with the filing and prosecution of the applications that led to the issuance of those patents engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with

the United States Patent and Trademark Office ("PTO"). In particular, named co-inventors Fougnies and Harned, and their agents and/or attorneys, including, without limitation, C. Robert von Hellens, withheld from the PTO material information with an intent to deceive the PTO. Such information included, without limitation, materials relating to Cominex, information relating to Cellular Services, Inc.'s proposal to the California Public Utilities Commission, information relating to Banana Cellular, Inc.'s prepaid cellular service and patent application, and an article by David E. Klepp, *Managing the Network Revenue Stream*, TELEPHONY, Nov. 29, 1993. Fougnies, Harned, their agents and/or attorneys also made misleading statements to the PTO, including, without limitation, statements relating to U.S. Patent No. 5,440,621, with an intent to deceive the PTO.

### SEVENTH DEFENSE

Plaintiff's claims are barred by laches.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### NINTH DEFENSE

Plaintiff lacks standing to bring the claims asserted in its Complaint insofar as Orbital Sciences Corporation is properly a joint owner of the patents-in-suit but has not joined in this suit for infringement.

### TENTH DEFENSE

Plaintiff is barred from recovery, or recovery is limited, by the doctrines of implied license, first use and exhaustion of patent rights.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

\* \* \*

## BCGI'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendant Boston Communications Group, Inc. ("BCGI") counterclaims against Plaintiff Freedom Wireless, Inc. ("Plaintiff" or "Counterclaim-defendant") and states as follows:

1. These Counterclaims are actions for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq*.

2. These Counterclaims recite causes of action arising under the patent laws of the United States, Title 35, U.S.C., and are based on a continuing and justiciable case of actual controversy between BCGI and Plaintiff with respect to the non-infringement, invalidity and unenforceability of U.S. Patent Nos. 5,722,067 (the "'067 patent") and 6,157,823 (the "'823 patent").

### THE PARTIES

3. Counterclaim-plaintiff BCGI is a Massachusetts corporation having its principal place of business at 55 Middlesex Turnpike, Bedford, Massachusetts.

4. On information and belief, Counterclaim-defendant Freedom Wireless, Inc. is a Nevada corporation having its principal place of business in Phoenix, Arizona.

### JURISDICTION

5. This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1332, and 1338.

6. Counterclaim-defendant has subjected itself to the jurisdiction of this Court for purposes of these Counterclaims, and venue is proper for these Counterclaims under 28 U.S.C. § 1391.

## THE PATENTS IN SUIT

7. Counterclaim-defendant alleges that BCGI infringes one or more claims of the '067 and '823 patents.

8. The '823 patent is a continuation of the '067 patent.

9. The named inventors of the '067 patent and the '823 patent are Daniel Harned and Douglas Fougnies.

10. On information and belief, in December of 1994, Mr. Harned and Mr. Fougnies purported to assign their rights to the application that would issue as the '067 patent, and to all continuations, to Cellular Express, Inc.

11. On information and belief, sometime in the Fall of 1997, Cellular Express, Inc., which had changed its name to Cellexis International, Inc., assigned its rights to the application that would issue as the '067 patent, and to all continuations, to Counterclaim-defendant.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '067 Patent)

12. BCGI incorporates the allegations of paragraph 1-11 as if fully set forth in this paragraph.

13. An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to infringement of the '067 patent.

14. BCGI has not directly, jointly, willfully, or otherwise infringed, aided or abetted the infringement of, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '067 patent.

15. The actions and assertions made by Counterclaim-defendant that BCGI is

infringing the '067 patent have caused and will continue to cause irreparable injury to BCGI.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '067 Patent)

16. BCGI incorporates the allegations of paragraph 1-15 as if fully set forth in this paragraph.

17. An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to the invalidity of the '067 patent.

18. The claims of the '067 patent, if interpreted so as to cover any BCGI product or system, are invalid for failure to meet one or more of the requirement of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, and 116.

19. The actions and assertions made by Counterclaim-defendant that BCGI is infringing the '067 patent have caused and will continue to cause irreparable injury to BCGI.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Unenforceability of the '067 Patent)

20. BCGI incorporates the allegations of paragraph 1-19 as if fully set forth in this paragraph.

21. An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to the enforceability of the '067 patent.

22. The '067 patent is unenforceable based on the doctrine of inequitable conduct in that, on information and belief, Counterclaim-defendant intentionally misled the United States Patent and Trademark Office through intentional statements and omissions during the prosecution of the application that led to the issuance of the '067 patent as set forth in BCGI's Sixth Affirmative Defense, which is incorporated herein by reference as if fully set forth

in this paragraph.

23.   The actions and assertions made by Counterclaim-defendant that BCGI is infringing the '067 patent have caused and will continue to cause irreparable injury to BCGI.

### FOURTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '823 Patent)

24.   BCGI incorporates the allegations of paragraph 1-23 as if fully set forth in this paragraph.

25.   An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to infringement of the '823 patent.

26.   BCGI has not directly, jointly, willfully, or otherwise infringed, aided or abetting the infringement of, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '823 patent.

27.   The actions and assertions made by Counterclaim-defendant that BCGI is infringing the '823 patent have caused and will continue to cause irreparable injury to BCGI.

### FIFTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '823 Patent)

29.   BCGI incorporates the allegations of paragraph 1-27 as if fully set forth in this paragraph.

30.   An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to the invalidity of the '823 patent.

31.   The claims of the '823 patent, if interpreted so as to cover any BCGI product or system, are invalid for failure to meet one or more of the requirement of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, and 116, and under the doctrine of double patenting.

32. The actions and assertions made by Plaintiff that BCGI is infringing the '823 patent have caused and will continue to cause irreparable injury to BCGI.

### SIXTH COUNTERCLAIM

(Declaratory Judgment of Unenforceability of the '823 Patent)

33. BCGI incorporates the allegations of paragraph 1-32 as if fully set forth in this paragraph.

34. An actual and justiciable controversy exists between BCGI and Counterclaim-defendant as to the enforceability of the '823 patent.

35. The '823 patent is unenforceable based on the doctrine of inequitable conduct in that, on information and belief, Counterclaim-defendant intentionally misled the United States Patent and Trademark Office through intentional statements and omissions during the prosecution of the application that led to the issuance of the '823 patent as set forth in BCGI's Sixth Affirmative Defense, which is incorporated herein by reference as if fully set forth in this paragraph.

36. The actions and assertions made by Counterclaim-defendant that BCGI is infringing the '823 patent have caused and will continue to cause irreparable injury to BCGI.

### PRAYER FOR RELIEF

WHEREFORE, BCGI prays for relief as follows:

    a.    The Complaint be dismissed with prejudice;

    b.    Judgment be entered in its favor of BCGI against Plaintiff on all claims;

    c.    The Court enter a declaratory judgment that BCGI has not directly, jointly, willfully, or otherwise infringed, aided or abetted the infringement of, contributed to the infringement of, or induced

infringement of any claim of the '067 patent;

d. The Court enter a declaratory judgment that the claims of the '067 patent are invalid;

e. The Court enter a declaratory judgment that the '067 patent is unenforceable;

f. The Court enter a declaratory judgment that BCGI has not directly, jointly, willfully, or otherwise infringed, contributed to the infringement of, or induced infringement of any claim of the '823 patent;

g. The Court enter a declaratory judgment that the claims of the '823 patent are invalid;

h. The Court enter a declaratory judgment that the '823 patent is unenforceable;

i. BCGI be awarded its costs, expenses, and attorneys' fees to the extent permitted by law, including without limitation pursuant to 35 U.S.C. § 285; and

j. BCGI be awarded such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

BCGI demands a trial by jury as to all issues so triable.

Respectfully submitted,

*[signature]*

Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
    GLOVSKY and POPEO P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

Bruce R. Genderson
David C. Kiernan
Philip A. Sechler
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Defendant Boston Communications Group, Inc.*

Dated: November 23, 2005

LIT 1551567v.1

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 11/23/05

*[signature]*