# EXHIBIT A

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

06-1020, -1078, -1079, -1098, -1099

FREEDOM WIRELESS, INC.,

            Plaintiff-Cross Appellant,

v.

BOSTON COMMUNICATIONS GROUP, INC.,

            Defendant-Appellant,

and

WESTERN WIRELESS CORPORATION (d/b/a Cellular One),

            Defendant-Appellant,

and

AT&T WIRELESS PCS, CINGULAR WIRELESS LLC, and CMT PARTNERS
(d/b/a Cellular One of San Francisco),

            Defendants-Appellants,

and

NEXTEL COMMUNICATIONS, INC. and NEXTEL OPERATIONS, INC.
(now known as Sprint Nextel Corporation),

            Movants-Appellants,

v.

ROGERS WIRELESS, INC. (a/k/a Rogers AT&T Wireless),

            Defendant-Appellee.

ON MOTION

Before MICHEL, Chief Judge, BRYSON and GAJARSA, Circuit Judges.

BRYSON, Circuit Judge.

## ORDER

Nextel Communications, Inc. and Nextel Operations, Inc. (collectively Nextel) move for leave to intervene in the appellants' and cross-appellant's appeals. Nextel moves for a stay, pending appeal, of the injunction issued by the United States District Court for the District of Massachusetts to the extent that it reaches Nextel. Boston Communications Group, Inc. (BCGI) moves to construe the injunction not to apply to non-defendants or, if it does, to stay the injunction, pending appeal. Cingular Wireless, LLC, AT&T Wireless, and CMT Partners (collectively Cingular) move for a stay, pending appeal, of the injunction as it applies to them. Freedom Wireless, Inc. opposes the motions. Nextel, BCGI, and Cingular move for leave to file replies, with replies attached. Freedom Wireless does not oppose the motions for leave to file replies.

## BACKGROUND

Freedom Wireless brought "joint infringement" claims against BCGI and Cingular Wireless LLC jointly; BCGI and AT&T Wireless PCS jointly; BCGI and CMT Partners jointly; and BCGI and Western Wireless Corporation jointly. Per the jury instruction, joint infringement was defined as:

> if separate companies work together to perform all of the steps of a claim of a patent, the companies are jointly responsible, that is, responsible as a group for the infringement of the patent. Even if no single company performs all of the steps of a claim, the companies are jointly responsible.

The district court explicitly held that contributory infringement and inducement were not applicable and those theories were not presented to the jury. The jury returned four

06-1020 et al.                                         2

verdicts finding that each of the four pairings jointly infringed the patents in suit literally and under the doctrine of equivalents.

Before trial, the district court held that Freedom Wireless, if it wished to pursue claims against non-defendant carriers, must do so in separate actions. Freedom Wireless filed separate follow-up actions, against BCGI and Nextel jointly and against BCGI and Alltel Corporation jointly. Those actions are pending in the district court. Apparently there is also a third action against BCGI and Cincinnati Bell, Inc.

Following the jury verdicts in this case, Freedom Wireless provided the district court with a proposed injunction. BCGI complained that the language was too broad and could be construed to cover BCGI's activities with the so-called "non-defendant carriers" who were not parties in the case. The district court's injunction enjoined those "acting in concert with any third party, other than a licensee of Freedom Wireless, Inc. to make, use, sell, or offer to sell any of these implementations, or any systems that are not colorably different." Shortly thereafter, counsel for Freedom Wireless, Quinn Emanuel Urquhart, issued a press release stating that the injunction prohibits "BCGI and its current carrier customers, including Alltel and Cincinnati Bell, Inc. (CBB), which were named in a recent patent infringement suit by Freedom Wireless, from selling prepaid wireless services using the infringing BCGI systems."

Nextel immediately moved for leave to intervene in the district court for the purpose of clarifying, staying, or amending the injunction and to disqualify Quinn Emanuel based on Quinn Emanuel's concurrent representation of Freedom Wireless and Nextel (in other patent litigation). The district court denied Nextel's motion for leave

to intervene without stating any reasons. Nextel appealed the denial of its motion for leave to intervene and the denial of BCGI's motion to clarify or stay the injunction.

## NEXTEL'S MOTION FOR LEAVE TO INTERVENE

Nextel contends that its application is timely because it was filed only one week after the Injunction Order was entered. Freedom Wireless responds that Nextel has been aware of Freedom Wireless's suit against BCGI since 2002, and thus "has known for years that [Nextel's] interests were at risk." However, there is some indication that Nextel believed its rights would not be determined in the instant case, but rather in a separate, subsequent action filed by Freedom Wireless against BCGI and Nextel. Thus, Nextel was not made aware that its rights were the subject of the instant litigation until the Injunction Order was entered. Accordingly, Nextel filed its application in a timely manner.

Nextel also states that it has a direct interest in the injunction because the injunction "may be construed to bar the continued relationship of BCGI and Nextel." Nextel points out that it relies upon BCGI's services to run its prepaid wireless phone service, and that the injunction could "seriously impact Nextel's ability to offer prepaid wireless phone calls." Thus, it appears that Nextel has a legally protectable interest relating to the injunction and that the disposition of this appeal may impair Nextel's ability to protect its interest.

Nextel further argues that its interests cannot be adequately represented by existing parties to the appeal. Freedom Wireless responds that the interests of Nextel and BCGI are "perfectly aligned." However, Nextel points out that BCGI's interests in this appeal are much broader than Nextel's. According to Nextel, BCGI may devote the

bulk of its efforts on appeal to issues of infringement and invalidity, rather than the scope of the injunction. Furthermore, Nextel contends that BCGI's financial interests may not coincide with its own because BCGI may wish to settle, while Nextel seeks continued litigation. Because Nextel and BCGI are separate businesses with potentially divergent objectives on appeal, we are satisfied that Nextel has shown that its interests will not be adequately represented by an existing party. Accordingly, the court grants Nextel's motion for leave to intervene.

## THE PARTIES' MOTIONS TO STAY THE INJUNCTION

We turn to the parties' motions for a stay, pending appeal, of the injunction. For ease of reference and because BCGI is connected to each of the movants as a joint infringer or putative joint infringer, we refer primarily for purposes of this discussion to BCGI's arguments. At issue is whether BCGI has shown a likelihood of success or presented a substantial question regarding joint infringement, an argument common to all the motions for a stay, and whether the other injunction factors tip in its favor.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990). The factors regulating issuance of a stay are (1) whether the movant has made a strong argument that it is likely to succeed on the merits, (2) whether movant will be irreparably harmed absent a stay, (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). To prevail, a party moving for

a stay pending appeal must establish a strong likelihood of success on the merits or, failing that, must show that it has a substantial case on the merits and that the harm factors militate in its favor. Hilton, 481 U.S. at 778.

BCGI argues that the

> judgment of infringement in this case rests entirely on Freedom's theory, adopted by the district court in its jury instructions, that there could be joint direct infringement even without a showing that BCGI controlled the actions of a carrier defendant (or vice versa). That is, it is enough (following Freedom's joint infringement theory) if one party performs some of a claim's steps and a second party performs the remaining claims. This Court, however, has never directly addressed whether such a "joint infringement" theory exists, much less adopted the theory.

BCGI points to the court's language in Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293 (Fed. Cir. 2005), rejecting the patentee's argument that the actions of surgeons could be joined with those of the defendant medical device manufacturer to establish direct infringement, observing that no agency relationship existed among the surgeons and the manufacturer. In response, Freedom Wireless argues that the theory of liability based on joint infringement existed before the 1952 Patent Act, remains viable today, and cannot be limited to "control" of one party by another. Freedom Wireless points to four district court cases that have embraced the theory of joint infringement.

The question of the viability and scope of the theory of joint infringement is an issue that will benefit from full briefing by the parties in this appeal. This motions panel thus declines to delve into the issue in any depth. However, we conclude that BCGI has demonstrated the existence of a substantial question whether the theory of liability applied in the district court departs from this court's precedents regarding vicarious liability for infringement in such a manner as to bring the verdict into question. This court has not

directly addressed the theory of joint infringement and there is relatively little precedent on that issue.

With respect to the balance of harms, BCGI states that the injunction against continuing to supply services to its co-defendant carriers has left it "in an extremely tenuous financial position" and that its "survival hinges on the present motion succeeding," if the injunction applies to Nextel and BCGI's other non-defendant carriers. Nextel states that it uses BCGI's services for all its prepaid wireless customers in the United States. Cingular states that it is working to migrate its customers to other prepaid systems, but that its remaining customers will be harmed unless the injunction is stayed.

With respect to harm to Freedom Wireless, BCGI states that Freedom Wireless does not offer or sell prepaid services in the prepaid wireless market and can be compensated by money damages if it prevails on appeal. See DuPont, 835 F.2d at 278-79 (noting the comparative lack of harm to DuPont because DuPont did not practice the invention and never sought to exclude others from the market). With respect to the public interest, BCGI states that millions of subscribers will either be burdened with having to change service providers or be at risk of losing wireless service.

## CONCLUSION

In view of the above, we conclude that the appellants have shown that a substantial question exists regarding the theory of joint infringement and that the balance of harm tips in their favor. Accordingly, a stay of the injunction is warranted.

IT IS ORDERED THAT:

(1)    Nextel's motion for leave to intervene on appeal is granted.

(2) The motions for a stay of the injunction, pending appeal, are granted.

(3) The motions for leave to file replies are granted.

FOR THE COURT

DEC 15 2005
Date

*William C. Bryson*
William C. Bryson
Circuit Judge

cc: Marshall M. Searcy, III, Esq.
Donald Dunner, Esq.
Claudia Wilson Frost, Esq.
Richard McMillan, Jr., Esq.
Mark D. Wegener, Esq.
Vickie L. Henry, Esq.

s5

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 15 2005

JAN HORBALY
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FREEDOM WIRELESS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COMMUNICATIONS GROUP, )<br>INC. and NEXTEL COMMUNICATIONS, )<br>INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11061-EFH |
| FREEDOM WIRELESS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COMMUNICATIONS GROUP, )<br>INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11062-EFH |

**DEFENDANT BOSTON COMMUNICATION GROUP, INC.'S REQUEST
FOR RECONSIDERATION OF THE DENIAL OF ITS MOTION FOR A STAY**

Based on the recent Order of the United States Court of Appeals for the Federal Circuit staying the permanent injunction entered in *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 00-12234-EFH (D. Mass.) ("*Freedom Wireless I*"), Defendant Boston Communications Group, Inc. ("BCGI") hereby requests reconsideration of the denial of its motion for a stay of proceedings in the two above-captioned patent infringement actions pending resolution of cross-appeals to the Federal Circuit from the judgment and other orders entered by this Court in *Freedom I*.

1

Literally hours after this Court denied BCGI's motion for a stay in the second of these tag-along cases (Civ. A. No. 05-11062-EFH), the Federal Circuit issued an Order staying the permanent injunction entered by this Court in *Freedom I* pending appeal. After reviewing the rigorous standard for granting a stay pending appeal, the Court held that "BCGI has demonstrated the existence of a substantial question whether the theory of liability applied in the district court departs from this court's precedents regarding vicarious liability for infringement in such a manner as to bring the verdict into question." Order, Case Nos. 06-1020, -1078, -1098, -1099, at 6 (Fed. Cir. Dec. 15, 2005) (a copy of the Order is attached hereto as Exhibit A); id. at 7 ("we conclude that appellants have shown that a substantial question exists regarding the theory of joint infringement and that the balance of harm tips in their favor"). The Court then stayed the permanent injunction—in its entirety—pending appeal.

The Federal Circuit's December 15 Order warrants reconsideration of this Court's denial of BCGI's motion for a stay. See Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990) (reconsideration is appropriate where there is newly discovered evidence, a manifest error of law or fact, or an intervening change in the law); Davis v. Lehane, 89 F. Supp.2d 142, 147 (D. Mass. 2000) (same). The thrust of Freedom's argument against a stay of these tag-along cases was that there was only a "theoretical possibility" that the Federal Circuit "may decide some issues differently" and that "BCGI's dim hope of prevailing on appeal hardly" merited a stay. Pl. Opp. at 2 (Civ. A. No. 05-11062-EFH); see also Pl. Opp. at 4 (Civ. A. No. 05-11061-EFH) ("the jury verdict on validity, infringement and damages is very unlikely to be overturned"). But notwithstanding Freedom's quixotic assessment of its chances on appeal, the Federal Circuit has now openly questioned the very premise of Freedom's infringement claims against BCGI and the carrier defendants—its theory of joint infringement. Without that, Freedom has no case.

In light of the Federal Circuit's clear skepticism of Freedom's theory of liability, neither the parties nor the Court should be forced to expend valuable resources engaging in jurisdictional motions and extensive discovery, only to learn that the Federal Circuit has rejected, or substantially limited, Freedom's notion of joint infringement as a matter of law. To move forward with these cases while the appeals in *Freedom I* are pending risks a waste of time and resources for all concerned. Accordingly, we respectfully request that the Court reconsider its orders denying BCGI's motion to stay the above-captioned cases and grant a stay of those cases pending the appeals in *Freedom I*.

A proposed Order is attached.

Dated:  December 20, 2005                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　____/s/ Dean G. Bostock_____
　　　　　　　　　　　　　　　　　　　　　　　　Patrick J. Sharkey (BBO # 454820)
　　　　　　　　　　　　　　　　　　　　　　　　Dean G. Bostock (BBO # 549747)
　　　　　　　　　　　　　　　　　　　　　　　　MINTZ LEVIN COHN FERRIS
　　　　　　　　　　　　　　　　　　　　　　　　　　GLOVSKY and POPEO P.C.
　　　　　　　　　　　　　　　　　　　　　　　　One Financial Center
　　　　　　　　　　　　　　　　　　　　　　　　Boston, MA  02111
　　　　　　　　　　　　　　　　　　　　　　　　Tel:  (617) 542-6000
　　　　　　　　　　　　　　　　　　　　　　　　Fax:  (617) 542-2241

　　　　　　　　　　　　　　　　　　　　　　　　Bruce R. Genderson (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　David C. Kiernan (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Philip A. Sechler (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　　　　　　　　　　　　　725 Twelfth Street, N.W.
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　　　　　　　　　　Tel:  (202) 434-5000
　　　　　　　　　　　　　　　　　　　　　　　　Fax:  (202) 434-5029

LIT 1556021v.1