IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC. and NEXTEL COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No. 05-11061-EFH |
| FREEDOM WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 05-11062-EFH |

**DEFENDANT BOSTON COMMUNICATION GROUP, INC.'S
MOTION FOR LEAVE TO FILE A REPLY BRIEF
IN SUPPORT OF ITS REQUEST
FOR RECONSIDERATION OF THE DENIAL OF ITS MOTION FOR A STAY**

Defendant Boston Communications Group, Inc. ("BCGI") hereby moves pursuant to Local Rule 7.1(B)(3) for leave to file a reply brief (attached as Exhibit A) in support of its Request for Reconsideration of the denial of its motion for a stay of the above-captioned actions. A proposed Order is attached as Exhibit B.

In response to BCGI's three-page Request for Reconsideration, Freedom Wireless filed a *16-page* Opposition. Freedom's Opposition makes various misstatements of fact and law and raises issues that go well beyond the scope of BCGI's Request. BCGI believes that the attached reply brief will assist the Court in its reconsideration of BCGI's stay motion and respectfully requests that the Court grant this motion and allow BCGI to file the attached Reply Brief in Support of its Request for Reconsideration of the Denial of its Motion for a Stay of Proceedings Pending Resolution of the Federal Circuit Appeals.

### Certification Pursuant to Local Civil Rule 7.1(a)(2)

Pursuant to Rule 7.1(a)(2) of the Local Rules of this Court, undersigned counsel states that Philip A. Sechler conferred with counsel for the defendants, who consented to the relief sought in this motion. Mr. Sechler attempted to contact counsel for Plaintiff to obtain their consent, but was unable to reach them in advance of this filing.

Dated: January 5, 2006

Respectfully submitted,

/s/Dean G. Bostock
Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
  GLOVSKY and POPEO P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

Bruce R. Genderson
David C. Kiernan
Philip A. Sechler
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
*Attorneys for Defendant Boston Communications Group, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC. and NEXTEL COMMUNICATIONS, INC., <br><br> Defendants. | Civil Action No. 05-11061-EFH |
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC., et al., <br><br> Defendants. | Civil Action No. 05-11062-EFH |

**DEFENDANT BOSTON COMMUNICATION GROUP, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS REQUEST FOR
<u>RECONSIDERATION OF THE DENIAL OF ITS MOTION FOR A STAY</u>**

Defendant Boston Communications Group, Inc. ("BCGI"), by undersigned counsel, respectfully submits this Reply Memorandum in Support of Its Request for Reconsideration of the Denial of Its Motion for a Stay.

The vast majority of Plaintiff Freedom Wireless, Inc.'s Opposition ("Freedom Opp.") requires little response. Most of the 16 pages responding to BCGI's 2-page motion re-

hash exactly the same points presented in Freedom Wireless's original opposition to BCGI's motion for a stay—arguments which are premised on Freedom's steadfast belief that there is little chance BCGI will prevail on appeal. But Freedom's confidence notwithstanding, the Federal Circuit has now clearly and unambiguously held that there is a substantial question whether "joint infringement" even exists as a theory of liability. See Order, Case Nos. 06-1020, -1078, -1098, -1099, at 6 (Fed. Cir. Dec. 15, 2005) ("BCGI has demonstrated the existence of a substantial question whether the theory of liability applied in the district court departs from this court's precedents regarding vicarious liability for infringement in such a manner as to bring the verdict into question."). Just as importantly, by staying the injunction in *Freedom Wireless I* in its entirety pending appeal, the Federal Circuit has effectively suspended Freedom's right to obtain *any* injunctive relief—whether against the defendants in *Freedom Wireless I* or the defendants here—for the duration of the appeals. In these circumstances, this Court should stay these proceedings pending the Federal Circuit's resolution appeals in *Freedom Wireless I*.[1]

Two points in Freedom's Opposition, however, warrant a more detailed response.

First, apparently not content with its position on the merits, Freedom Wireless resorts to what are essentially *ad hominem* attacks, accusing BCGI of "sing[ing] a different tune depending on its audience" and failing to display "a modicum of candor" in the briefing submitted to this Court and to the Federal Circuit. Freedom Opp. at 15-16. It is tempting to ignore these intemperate comments, but we offer this brief response.

The arguments BCGI has made to the Federal Circuit and this Court are wholly consonant with one another. In the Federal Circuit, BCGI contested whether the injunction

---

[1] The intervening Order by the Federal Circuit clearly constitutes "an intervening change in the law" sufficient to justify a motion for reconsideration. *See Davis v. Lehane*, 89 F. Supp.2d 142, 147 (D. Mass. 2000).

issued in *Freedom Wireless I* extended to wireless carriers that were not parties to that action and, as such, had necessarily never been adjudicated to infringe Freedom's patents. In support of that argument, BCGI pointed out that those wireless carriers were defendants in the present actions, arguing that it would be inappropriate to extend a judicial order to cover allegedly infringing conduct when that very conduct is at issue in separate cases pending in this Court.

That position on the scope of the injunction, however, is quite different from—but nevertheless entirely consistent with—the one BCGI has taken here. BCGI is not "attempting to turn the judicial process 'off'" by staying these tag-along cases. Freedom Opp. at 16. To the contrary, BCGI contends that the judicial process in these cases will be *benefited* by staying the actions, because a stay will avoid an unnecessary waste of the Court's and the parties' time and resources. No one can dispute that the Federal Circuit will be resolving multiple issues that will directly bear on—if not dictate the outcome of—these actions. BCGI's position is that it makes little sense to adjudicate these cases while the Court of Appeals is simultaneously considering issues that go to the very heart of these matters. In other words, staying these cases pending appeal does not "short-circuit the judicial process," Freedom Opp. at 16; rather, it facilitates their adjudication in the most economical manner possible. That is true independent of the dispute concerning the scope of the injunction in *Freedom Wireless I*. There is nothing inconsistent, let alone dishonest, about BCGI's arguments to the Federal Circuit and this Court, and it is inappropriate for Freedom to suggest otherwise.

Second, in arguing that it will be irreparably harmed in the event these cases are stayed, Freedom puts the cart before the horse. The basis for Freedom's argument is that its patents are infringed by the defendants, but no Court has ever so held. To the contrary, the Federal Circuit has now held that a "substantial question" exists as to Freedom's theory of

liability and that the defendants in *Freedom Wireless I* should not be subject to any injunction for the duration of the appeals. Freedom is not entitled to a presumption that its patents are infringed by the defendants; the presumption should be just the opposite.

The fact is that Freedom waited until after the jury verdict in *Freedom Wireless I* to file these cases (despite knowing of most, if not all, of these carrier defendants for years), and then waited several months more to serve the complaints. Now, following the Federal Circuit's December 15 Order, Freedom must await the outcome of the Federal Circuit appeals before it can even hope to secure any injunctive relief against any defendant (in *Freedom Wireless I* or these cases). Given that reality, there is no basis for Freedom to claim that a stay of these cases pending appeal would cause it irreparable harm.

## CONCLUSION

For the foregoing reasons, as well as the reasons previously stated, BCGI respectfully requests that this Court stay all proceedings in the above-captioned actions until thirty (30) days after the Federal Circuit issues all mandates from Plaintiff's and BCGI's cross-appeals in *Freedom Wireless I*.

Dated: January 5, 2006

Respectfully submitted,

/s/Dean G. Bostock
Patrick J. Sharkey (BBO # 454820)
Dean G. Bostock (BBO # 549747)
MINTZ LEVIN COHN FERRIS
  GLOVSKY and POPEO P.C.
One Financial Center
Boston, MA  02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

Bruce R. Genderson (*pro hac vice*)
David C. Kiernan (*pro hac vice*)
Philip A. Sechler (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

*Attorneys for Defendant Boston Communications Group, Inc.*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON COMMUNICATIONS GROUP, INC. and NEXTEL COMMUNICATIONS, INC.,<br><br>    Defendants. | Civil Action No. 05-11061-EFH |
| FREEDOM WIRELESS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., et al.,<br><br>    Defendants. | Civil Action No. 05-11062-EFH |

## ORDER

Upon consideration of Defendant Boston Communications Group, Inc.'s Motion for Leave to File a Reply Brief in Support of its Request for Reconsideration of the Denial of its Motion for a Stay of Proceedings Pending Resolution of the Federal Circuit Appeals, it is this

\_\_\_\_ day of _____, 2006, hereby

**ORDERED** that the motion is granted and the Reply Brief is submitted.

**SO ORDERED.**

_____
The Honorable Edward F. Harrington
United States Senior District Judge