UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREEDOM WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COMMUNICATIONS GROUP, INC. and NEXTEL COMMUNICATIONS, INC. <br><br> Defendants. | Civil Action No. 05-CV-11061-EFH |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

The parties submit this Joint Statement pursuant to Local Rule 16.1(D) containing proposed pre-trial schedules to advise the Court of the parties' best estimates of the amounts of time that they will need to accomplish specified pre-trial steps. Because the parties have significantly different views on what the pre-trial schedule should be, this Joint Statement contains two separate proposals.

Each party will file a certification signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred: (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4. The parties do not believe that, at this stage of the litigation, any dispute resolution program would facilitate the resolution of the litigation. The parties do not consent to trial by Magistrate Judge.

The parties propose the following agenda of matters to be discussed at the February 14, 2006 Scheduling Conference: (1) plan of discovery; (2) pre-trial schedule; and (3) settlement proposals.

## BRIEF DESCRIPTION OF CASE

This is a patent infringement action in which plaintiff Freedom Wireless, Inc. ("Freedom Wireless") claims that defendants Boston Communications Group, Inc. ("BCGI") and Nextel Communications, Inc. ("Nextel") infringe its U.S. Patent No. 5,722,067 ("'067 patent") and/or U.S. Patent No. 6,157,823 ("'823 patent"). The '067 patent is entitled "Security Cellular Telecommunications System" and describes a feature which allows only pre-authorized users to complete cellular telephone calls. The '823 patent is a continuation of the '067 patent and, therefore, is based on the same application, the same written description of the invention, and the same drawings as the '067 patent. Freedom Wireless seeks an order enjoining BCGI and Nextel from infringing the patents-in-suit and an award of substantial damages suffered by Freedom Wireless. Freedom Wireless also seeks attorneys' fees and treble damages based on defendants' willful infringement, interest and other relief.

BCGI and Nextel deny any liability to Freedom Wireless. Each has counterclaimed for declarations that the '067 and '823 patents are not infringed and that they are invalid and/or unenforceable.

The parties are negotiating a Stipulation and Protective Order based on an Order entered by the Court in *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.* (Civil Action No. 00-CV-12234-EFH) ("*Freedom Wireless I*"), and anticipate filing it before or shortly after the Scheduling Conference. The parties agree that all pre-trial activities will be subject to the Stipulation and Protective Order.

## PLAINTIFF'S PROPOSED PRE-TRIAL SCHEDULE

Freedom Wireless and defendants have diametrically different proposals. Freedom Wireless believes that the parties should take full advantage of *Freedom Wireless I* and focus this

case on the factual and legal issues that were not resolved in that case. The infringement claims asserted in both cases are based on the same patents-in-suit and Freedom Wireless alleges that Nextel has contracted with BCGI to use one of the implementations found to infringe those patents. Thus, most of the dispositive factual and legal issues in this case have been fully vetted and resolved by *Freedom Wireless I*.

As the Court is fully aware, *Freedom Wireless I* involved a fifty-one (51) day jury trial on validity, infringement and damages and an eleven (11) day bench trial on enforceability. Over 500 exhibits were introduced into evidence during the two trials. Pre-trial discovery and motions practice extended over five (5) years and included the depositions of 103 fact witnesses over 143 days and 16 expert witnesses over 18 days; a total of 119 witnesses and 161 days.

Since BCGI was a party defendant in *Freedom Wireless I*, it already has all the discovery, papers and trial materials from that case. Freedom Wireless has agreed to make all these materials available to Nextel upon request. Thus, Nextel will be able to "get up to speed" expeditiously and efficiently.

Freedom Wireless's approach is straightforward. After Nextel has an opportunity to examine the *Freedom Wireless I* materials, all parties will serve detailed descriptions of what additional fact discovery may be needed. Freedom Wireless proposes an exchange of descriptions on April 3, 2006. Only Nextel-specific discovery should be required. As focused, the parties can then complete fact discovery over the following three (3) months to conclude on June 30, 2006.

The Court (and Freedom Wireless and BCGI) have already devoted a substantial amount of time on claim construction for the patents-in-suit. Freedom Wireless proposes that claim construction in this case be addressed and resolved early on. After exchange of proposed claim

construction statements and submittal of a joint claim construction statement to the Court, Freedom Wireless proposes a *Markman* hearing on April 28, 2006 to further focus fact and expert discovery.

Similarly, Freedom Wireless proposes that claims and issues preclusion based on the findings and judgment in *Freedom Wireless I* be addressed at the outset of this case. It proposes a first round of motions for summary judgment on *res judicata* and collateral estoppel grounds and a hearing on these motions on May 15, 2006. Once again, if the Court rules on these motions, the issues subject to discovery will be narrowed.

After fact discovery is completed and the Court rules on claim construction and claims and issues preclusion, the parties can turn to expert disclosures and discovery. Freedom Wireless proposes that these pre-trial steps be completed over a two month period between July 28, 2006 and September 29, 2006. After the completion of expert discovery, Freedom Wireless's proposal contemplates a second round of summary judgment motions to identify the remaining issues for trial.

Finally, Freedom Wireless proposes an orderly schedule for pre-trial activities in January 2007 leading to a Final Pre-Trial Conference on January 30, 2007 and a trial commencing on March 5, 2007.

In sum, Freedom Wireless believes that, given the exhaustive treatment the same factual and legal issues have already received in *Freedom Wireless I*, a pre-trial schedule slightly greater than twelve (12) months is more than adequate to prepare this case for trial.

Freedom Wireless anticipates that defendants will take an entirely different approach. Most of their schedule will be triggered by the decision of the United States Court of Appeals for the Federal Circuit in *Freedom Wireless I*. Defendants predict that decision will be issued on

approximately March 30, 2007. They propose a schedule that leads to a trial almost eleven (11) months after the Federal Circuit's decision. In other words, while Freedom Wireless proposes a trial in approximately one (1) year, defendants propose a trial two (2) years out.

The Court will recall that BCGI has already filed a Motion for a Stay of Proceedings Pending Resolution of the Federal Circuit Appeals in this case. The Court denied that Motion on December 8, 2005. BCGI filed a Request for Reconsideration of the Denial of its Motion for a Stay. The Court denied that Request on January 4, 2006. In essence, defendants are attempting to accomplish by their proposed pre-trial schedule what BCGI was denied – a stay of this case until the Federal Circuit decision is issued.

In the Federal Circuit, Nextel filed a Motion to Intervene for Limited Purpose and a Motion to Stay Injunction Pending Appeal. Nextel highlighted the pendency of this action to support both Motions. For example, in its Motion to Stay (November 14, 2005) (at 15), Nextel argued that its "day in court with respect to Freedom's claims against it should be yet to come . . . Freedom was required [by this Court] to present its claims asserting 'joint infringement' by BCGI and Nextel in a separate suit. Freedom filed such a suit [this action]; Nextel is prepared to defend that suit. It has not done so as of yet." If Nextel is "prepared to defend" this case, it should not seek to delay it pending the outcome of the Federal Circuit appeals.

Freedom Wireless believes that there is no justification to delay proceedings in this case and urges the Court to adopt its pre-trial schedule proposal as detailed below.

## PLAINTIFF'S DISCOVERY PLAN

**A.** *Initial Disclosures/Automatic Required Disclosures (Fed. R. Civ. P. 26(a)(1) and L.R. 26.2)*

*February 17, 2006.* The parties will exchange initial disclosures/automatic required disclosures.

**B.      *Cooperative Discovery (L.R. 26.1(A))***

***February 24, 2006.*** Freedom Wireless will supply Nextel with indices of all discovery materials from *Freedom Wireless I*, including depositions, deposition exhibits and documents produced by all parties in that case. Upon request, Freedom Wireless will make available *Freedom Wireless I* discovery materials selected by Nextel with ten (10) business days.

***April 3, 2006.*** All parties will serve a detailed description of what additional fact discovery may be needed. *See* Fed. R. Civ. P. 26(f)(2).

**C.      *Additional Fact Discovery***

***June 30, 2006.*** All fact discovery, including depositions, will be completed. Freedom Wireless will be limited to make the following discovery: twenty-five (25) depositions, fifty (50) interrogatories, thirty (30) requests for admissions, and four (4) separate sets of requests for production. BCGI and Nextel will each be limited to make the following discovery: ten (10) depositions, twenty-five (25) interrogatories, fifteen (15) requests for admissions and two (2) separate sets of requests for production.

**D.      *Expert Disclosures and Discovery***

***July 28, 2006.*** The parties will exchange disclosures of expert testimony, including written reports or affidavits of expert witness' statements, as required by Fed. R. Civ. P. 26(a)(2) and L.R. 16.5(c).

***August 31, 2006.*** The parties will exchange rebuttal expert written reports.

***September 29, 2006.*** All expert discovery, including depositions, will be completed.

***January 2, 2007.*** All parties will exchange supplementations to expert disclosures, as required by Fed. R. Civ. P. 26(e)(1). *See* Fed. R. Civ. P. 26(a)(3).

## PLAINTIFF'S MOTIONS/HEARING PLAN

A.   *Claim Construction*

*March 9, 2006.* All parties will exchange proposed claim construction statements.

*April 14, 2006.* All parties will submit a joint claim construction statement.

*April 28, 2006.* The Court will hold a *Markman* hearing on claim construction. (Or as soon thereafter as is convenient for the Court.)

B.   *Summary Judgment*

**Round One:**

*April 3, 2006.* All parties (if desired) will file motions for summary judgment on *res judicata* and collateral estoppel grounds.

*April 24, 2006.* All oppositions to the above summary judgment motions will be filed.

*May 1, 2006.* All replies to the above oppositions will be filed.

*May 15, 2006.* The Court will hold a hearing on the first round of motions for summary judgment. (Or as soon thereafter as is convenient for the Court.)

**Round Two:**

*October 27, 2006.* (One month after close of expert discovery.) Parties will file any additional motions for summary judgment.

*November 17, 2006.* All oppositions to above summary judgment motions will be filed.

*November 27, 2006.* All replies to the above oppositions will be filed.

*December 11, 2006.* The Court will hold a hearing on the second round of motions for summary judgment. (Or as soon thereafter as is convenient for the Court.)

## PLAINTIFF'S AMENDMENT TO PLEADINGS/JOINDER OF PARTIES PLAN

*April 3, 2006.* All motions to amend the pleadings or to join parties will be filed.

*April 17, 2006.* Any oppositions to above motions will be filed.

## PLAINTIFF'S CASE MANAGEMENT/SETTLEMENT CONFERENCE PLAN

*October 10, 2006.* (After completion of all discovery.) The Court will hold a case management and settlement conference. (Or as soon thereafter as is convenient for the Court.) *See* Fed. R. Civ. P. 16 and L.R. 16.3.

## PLAINTIFF'S PRE-TRIAL ACTIVITIES PLAN

*January 2, 2007.* All parties will file pretrial disclosures, as required by Fed. R. Civ. P. 26(a)(3) and L.R. 16.5(c).

*January 8, 2007.* All parties will file and serve a list disclosing objections to use of designated deposition testimony, the admissibility of identified materials, or the use of other evidence identified in the pretrial disclosures, as required by Fed. R. Civ. P. 26(a)(3).

*January 15, 2007.* Last day for counsel for the parties to confer for the purpose of jointly preparing a pretrial memorandum.

*January 23, 2007.* The parties will file a Joint Pre-Trial Memorandum and Trial Briefs, as required by L.R. 16.5(D) and (F). In addition, any party who intends to object to the qualifications of any expert witness, or to the introduction of any proposed exhibit related to that expert's testimony, will give written notice of the grounds of objection, together with supporting authority, to all other parties, as required by L.R. 26.4 and L.R. 16.5(C).

*January 30, 2007.* The Court will hold the Final Pre-Trial Conference. (Or as soon thereafter as is convenient for the Court.) *See* Fed. R. Civ. P. 16(d) and L.R. 16.5.

## PLAINTIFFS' TRIAL PLAN

*March 5, 2007.* First day of trial. (Or as soon thereafter as is convenient for the Court.)

## DEFENDANT'S PLAN

Freedom Wireless asserts that its proposal is "diametrically different" from defendants' proposal and attributes this difference to Freedom Wireless' desire to "take full advantage of *Freedom Wireless I*". However, all parties share a desire to move this case expeditiously, and no one wants to replow old ground from *Freedom Wireless I*. Nextel, however, was not a party to *Freedom Wireless I*, and some accommodation needs to be made for that reality.

The basic outline of defendants' proposal is straightforward:

- Discovery commences March 1, 2006 and, with limited caveats, ends January 31, 2007.

- At the outset of discovery, Freedom Wireless provides Nextel an index of all discovery and trial material from *Freedom Wireless I* and gives Nextel an opportunity to determine what materials it wishes to have copied. Copies that are requested will be provided by March 31, 2006. Freedom's counsel has disclosed that the materials that will be indexed and produced for Nextel's review includes 50 boxes of deposition transcripts and exhibits and *hundreds of thousands of documents (by some estimates 300,000-500,000, and perhaps as many as 1 million)*.

- During the summer of 2006, the parties will identify issues that may be subject to collateral estoppel or *res judicata*, and also identify any outstanding or new claim construction issues that the court may need to address.[1]

- Initial expert reports are due December 15, 2006, and rebuttal reports are due January 31, 2007.

All of the foregoing is designed to allow this case to move sensibly through discovery and the exchange of expert reports in a period of less than 12 months. The remainder of defendants' proposed schedule is prompted by the reality that early next year, the Federal Circuit will issue its opinion in *Freedom Wireless I*. If the judgment is affirmed, defendants' schedule would permit this case to move immediately to dispositive motions, pretrial and trial. However,

---

[1] As set forth in its separate statement, *infra*, BCGI does not believe that the Court should adjudicate *res judicata* and collateral estoppel issues while the appeal in *Freedom Wireless I* is pending.

if the judgment is reversed, some supplemental procedures need to be in place. A case management conference might be appropriate then. See LR16.3

Accordingly, defendants' schedule provides that upon issuance of the Federal Circuit's opinion, certain procedures will be followed to take account of that opinion and ready the case for trial based on the Federal Circuit's new guidance:

- Procedures are suggested for briefing issues of *res judicata* or collateral estoppel – directed against either BCGI or Freedom – based on *Freedom Wireless I*.

- Parties are permitted to file supplemental expert reports, and a brief period (90 days) of supplemental discovery is permitted with respect to both facts and experts.

- Following completion of the supplemental discovery, the schedule provides for dispositive motions.

- Thereafter, an orderly pretrial schedule is established in which the joint pretrial memorandum would be due December 20, 2007, with a pretrial conference in January 2008 and a trial potentially scheduled for February 2008.

By contrast to the foregoing, Freedom proposes a schedule that simply disregards Nextel's interests entirely. Nextel has not had its due process day in court. It is not subject to collateral estoppel or *res judicata* based on *Freedom Wireless I* – because Nextel was not a party to that action. And it will take several months for Nextel even to obtain and review 200 days of deposition transcripts and exhibits and the hundreds of thousands of documents developed during *Freedom Wireless I*, before conducting new discovery that is justified in light of that record.

Under Freedom's proposed schedule, at about the time Nextel could reasonably be expected to complete that review of prior case materials, even at an expedited pace, discovery will have ended.[2]

---

[2] If Defendants read Plaintiff's proposed schedule correctly, Plaintiff is allowing less than three months (April 3 to June 30) for the parties to exchange and complete up to 75 interrogatories, 45 requests for admission, six separate *sets* of document requests, *and* 45 depositions.

The fair administration of this case should not be to railroad Nextel or to use every stratagem to avoid obtaining any guidance from the Federal Circuit. BCGI and Nextel believe that their proposal demonstrates a proper balance between moving this case expeditiously and building on the *Freedom Wireless I* record, while at the same time giving Nextel an opportunity to conduct its own discovery and develop its own positions to supplement that earlier record. Defendants' schedule also provides an opportunity and sensible procedure for obtaining and dealing with any further guidance the Federal Circuit gives as a result of the appeal.

Details of Defendants' proposed scheduling order, reflecting all phases of the case through trial, are set out and described more specifically in Exhibit A to this submission.

## STATEMENT OF DEFENDANT BCGI

Defendant BCGI writes separately to emphasize that, in addition to leaving precious little time for BCGI's new counsel to review the massive record from *Freedom Wireless I*, Plaintiff's proposed schedule would have the added cost of precluding any coordinated discovery in this action and in its companion case, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, Civil Action No. 05-CV-11062-EFH (the "*Alltel*" action), which involves substantially the same underlying issues. BCGI respectfully submits that the most efficient course—for both the parties and the Court—is to coordinate discovery and pretrial proceedings in both actions, thereby avoiding duplicative discovery as well as duplicative motions practice.[3]

In addition, as noted earlier (*see supra* n.1), given the pendency of the appeals in *Freedom Wireless I*, BCGI believes that there is little to be gained by adjudicating issues of *res judicata* or claim construction at this time. All parties are aware that the outcome of the appeals in *Freedom Wireless I* will have a substantial impact on this case and, with respect to Plaintiff

11

and BCGI, may dictate the outcome of several issues. Until the Federal Circuit actually issues its decision, however, no one can be certain how it will decide the issues before it. To litigate issues of *res judicata* and collateral estoppel in a vacuum—without reference to any final judgment that is not the subject of a pending appeal—would result in what is essentially an advisory opinion, one that will almost certainly have to be revisited once the Federal Circuit's decision is handed down. In all likelihood, under Plaintiff's proposed schedule, the Court would have to decide these issues twice (four times if one includes the *Alltel* companion case)—once now and once again after the Federal Circuit rules. There is no reason for that duplication of effort.

The same is true of claim construction. This Court issued a lengthy and careful opinion construing the claims of the patents-in-suit, and that decision too is being considered by the Federal Circuit. To the extent the parties believe that different constructions are warranted, they can exchange that information informally and address it during expert discovery (a common course of action in patent cases). Since the parties will no doubt be raising similar claim construction arguments before the Federal Circuit, that Court will hopefully settle the issues without the need for a *Markman* hearing in this Court.

---

3   Counsel for the regional carrier defendants in the companion case will be present at the Scheduling Conference in the event the Court would like to hear from them on this issue.

Respectfully submitted,

FREEDOM WIRELESS, INC.
By its attorneys,

/s/ John Kenneth Felter
John Kenneth Felter (BBO #162540)
kahuna@goodwinprocter.com
Paul F. Ware, Jr., P.C. (BBO #516240)
pware@goodwinprocter.com
Douglas C. Doskocil (BBO #558949)
ddoskocil@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone:   (617) 570-1000
Facsimile:   (617) 523-1231


BOSTON COMMUNICATIONS GROUP, INC.
By its attorneys,

/s/ Dean G. Bostock
Dean G. Bostock (BBO # 549747)
DGBostockmintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617)542-2241

David C. Kiernan
dkiernan@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005
Telephone:   (202) 434-5191
Facsimile:   (202) 434-5029

13

NEXTEL COMMUNICATIONS, INC.
By its attorneys,


/s/ Dennis J. Kelly
Dennis J. Kelly (BBO # 266340)
dkelly@burnslev.com
Victoria L. Walton (BBO # 650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110-1624
Telephone:     (617) 345-3000
Facsimile:     (617) 345-3299

Richard McMillan, Jr. (pro hac vice)
rmcmillan@crowell.com
Michael J. Songer (pro hac vice)
msonger@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:     (202) 624-2500
Facsimile:     (202) 628-5116


Dated: February 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 9, 2006.

                                                  /s/ John Kenneth Felter
                                                  John Kenneth Felter

# EXHIBIT A

**Exhibit A**

### Nextel's and BCGI's Counter Proposal to
### Freedom's Proposed Discovery Plan and Pre-Trial Schedule
*Freedom Wireless, Inc. v. Boston Communications Group, Inc. and Nextel Communications, Inc.*, No. 05-11061-EFH (D. Mass.)

| No. | Date | Event |
|---|---|---|
| 1 | February 17, 2006 | Automatic Required Disclosures made. |
| 2 | February 24, 2006 | Freedom Wireless provides Nextel with indices of (i) all discovery material from *Freedom I* including discovery requests, discovery responses, patent disclosures under the local rules, privilege logs, depositions transcripts, deposition videos, deposition exhibits, and documents produced by all parties in that case and (ii) all trial transcripts and trial exhibits (including proposed trial exhibits, exhibits admitted into evidence, and demonstrative exhibits). Originals of such materials shall be made available for inspection no later than March 1, 2006. |
| 3 | March 1, 2006 | Fact discovery begins. Each party may serve a total of 25 interrogatories (including all discrete subparts) and 30 requests for admission. Each party shall be limited to taking 30 depositions. |
| 4 | March 10, 2006 | Nextel serves Freedom Wireless a list of all documents identified by Freedom Wireless in 2(i) and (ii), above, that it wishes to be copied in hard copy and/or electronic form. |
| 5 | March 31, 2006 | Freedom Wireless shall provide copies of all documents identified by Nextel in (4). Unless otherwise specified by Nextel, Freedom Wireless shall produce the documents in both electronic form and hard copy form, to the extent that electronic forms and hard copy forms exist. |
| 6 | April 3, 2006 | Each party serves a statement identifying each issue that it believes the opposing party is precluded from contesting under the doctrine of collateral estoppel and/or *res judicata*. |
| 7 | April 24, 2006 | Each party serves a response to the collateral estoppel and/or *res judicata* statements. |
| 8 | May 1, 2006 | The parties submit a Joint Collateral Estoppel and *Res Judicata* Statement to the Court, indicating the parties offensive and defensive positions on collateral estoppel and/or *res judicata*. |
| 9 | May 29, 2006 | Freedom Wireless serves its position on claim construction, including identification of asserted claims, and specifying any additional claim construction that it believes is warranted. |
| 10 | June 30, 2006 | Nextel and BCGI respond to Freedom's position on claim construction, and specifies any additional claim construction they believe is warranted. |
| 11 | July 17, 2006 | The parties will meet and confer regarding their claim construction positions to discuss possible resolution of issues. |

| 12 | July 31, 2006 | The parties file a Joint Claim Construction Statement, indicating their positions if any additional claim construction is appropriate. |
|---|---|---|
| 13 | December 15, 2006 | The parties will serve opening expert reports on issues as to which that party bears the burden. |
| 14 | January 31, 2007 | The parties will serve rebuttal expert reports. |
| 15 | January 31, 2007 | Initial (Phase 1) discovery period (fact discovery only) closes. |
| 16 | Day of the Federal Circuit Panel Opinion on Merits (approximately February-March 2007) | If *Freedom Wireless I* is reversed in whole or in part, supplemental (Phase 2) discovery period opens. The parties may take supplemental discovery to the extent that any party contends that such discovery is warranted in view of the Federal Circuit's ruling. |
| 17 | 30 Days After Federal Circuit Panel Opinion on Merits | Parties may serve motions for summary judgment on *res judicata* or collateral estoppel. |
| 18 | 45 Days After Federal Circuit Panel Opinion on Merits | If *Freedom Wireless I* is reversed in whole or in part, the parties may serve supplemental expert reports. |
| 19 | 60 Days After Federal Circuit Panel Opinion on Merits | Oppositions to *res judicata* or collateral estoppel summary judgment motions due. |
| 20 | 75 Days After Federal Circuit Panel Opinion on Merits | Replies to *res judicata* or collateral estoppel summary judgment oppositions due. |
| 21 | 90 Days After Federal Circuit Panel Opinion on Merits | Supplemental discovery period closes (all supplemental fact and expert discovery, including depositions, will be completed). |
| 22 | 120 Days After Federal Circuit Panel Opinion on Merits | Any additional motions for summary judgment filed. |
| 23 | 150 Days After Federal Circuit Panel Opinion on Merits | Oppositions to additional motions for summary judgment. |
| 24 | 170 Days After Federal Circuit Panel Opinion on Merits | Replies to oppositions to any additional motions for summary judgment. |
| 25 | November 30, 2007 | Complete pre-trial disclosures. |
| 26 | December 20, 2007 | File Joint Pre-Trial Memorandum. |
| 27 | January 15, 2008 | Pre-trial conference. |
| 28 | February 18, 2008 | First day of trial. |

LIBA/1674342.1

2